IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0730 WHA |
| Plaintiff, | |
| v. | **ORDER RE DEFENDANT FRANCO'S APPLICATION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| MANUEL FRANCO, *et al.* | |
| Defendants. | |

Defendant Manuel Franco applies for leave to file a motion for reconsideration of the Court's denial of his motions for dismissal and suppression of statements as untimely. The application is **DENIED**.

Reconsideration is warranted when an application for leave to file a reconsideration motion specifically shows that: (1) a material difference of fact or law exists from what was previously presented and the party applying for reconsideration did not know of the difference despite reasonable diligence; (2) since the original order, new material facts or law have emerged; or (3) there was a manifest failure by the district court to consider material facts or dispositive legal arguments presented to it. Criminal L.R. 2-1; *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Counsel has entirely failed to articulate a legitimate basis to reconsider the denial of the motions as untimely.

Despite being given two tries, counsel has not offered any cognizable explanation as to why the motions could not have been brought by the proper deadlines or at least within a few

months of the deadlines.[1]  While counsel vaguely argues that the government did not produce debriefing reports and recordings until after the deadlines had passed, counsel nowhere identifies the information critical to the motions that was purportedly received after the deadlines.  Nor does counsel identify *which* reports or recordings contained the needed information or the date the reports were produced.  Additionally, although the Court ordered the government to produce additional material to defendant Franco in April 2010, there is no indication that any of the material ultimately produced contained new information that was critical to the bringing of the late-filed motions.[2]  Indeed, the government produced all recordings made by defendant Franco by April 2009, produced FBI reports related to defendant Franco's role as an informant by December 2009, and produced defendant Franco's informant agreements by February 2010.  These productions were made before the deadlines had passed and counsel had ample time to review any relevant material and have it transcribed and translated if necessary.  Moreover, it bears noting that much of the information needed for the late-filed motions could have been obtained directly from counsel's client and/or could have been located and reviewed in a more rapid fashion because of the knowledge of counsel's client.

The denial of defendant Franco's untimely motions to dismiss and suppress will not be reconsidered.

**IT IS SO ORDERED.**

Dated: August 19, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[1] Because the reconsideration application did not articulate any reason why the motions could not have been brought in a timely fashion, counsel was given an opportunity to submit a sworn declaration and exhibits to cure the application's deficiency (Dkt. No. 3525). Counsel was instructed that this supplemental submission must "detail what evidence critical to the motion was received *after* the filing deadlines" and "must be sufficiently detailed so that the Court will be able to individually assess why each of the motions could not be filed earlier."

[2] As previously stated, the fact that defendant Franco had previously filed a motion to dismiss over a year ago — that was also denied over a year ago — does not make the tardy motions to dismiss and suppress timely (Dkt. No. 3525).